IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AOL INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:14-CV-982-TSE/JFA |
| v. | ) |
| | ) |
| EMBERCLEAR CORP., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT IMMERSIVE VENTURES INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Immersive Ventures Inc. ("IV") files its Answer, Affirmative Defenses to the Amended Complaint of AOL Inc. ("AOL"), and its Counterclaim as follows:

**Nature of the Action**

1.   IV does not contest that AOL entered into a distribution agreement with the other defendants in this action. IV denies it was a party to the original distribution agreement. IV denies any characterization or paraphrasing of the written agreement referenced in this paragraph as the writing speaks for itself.

2.   The first sentence in Paragraph 2 of the Amended Complaint is denied. IV admits that AOL notified IV of the Walker Digital and Transcenic lawsuits but IV denies that the notice was prompt and IV denies that it refused to offer AOL support. IV denies the characterization of the lawsuits.

3.   IV denies the first sentence. IV avers that the instant lawsuit speaks for itself as for the claims and requested relief.

**The Parties**

4.   Admitted.

1

5. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint.

6. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint.

7. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint.

8. Admitted.

## Jurisdiction and Venue

9. Paragraph 9 of the Amended Complaint contains legal conclusions to which no response is required.

10. Paragraph 10 of the Amended Complaint contains legal conclusions to which no response is required.

11. Paragraph 11 of the Amended Complaint contains legal conclusions to which no response is required.

12. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint and therefore denies them. To the extent a written agreement is referenced, IV denies any characterization or paraphrasing of the written agreement referenced in this paragraph as the writing speaks for itself.

13. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 13 of the Amended Complaint and therefore denies them. IV admits it executed an amendment of the distribution agreement with AOL that is described in the second sentence of Paragraph 13 and further states that AOL failed to pay the

required consideration.  IV denies any characterization or paraphrasing of the written agreement referenced in this paragraph as the writing speaks for itself

14. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and therefore denies them.

15. IV avers that the contract speaks for itself and denies any characterization of the contract.

16. IV avers that the contract speaks for itself and denies any characterization of the contract.

17. IV avers that the contract speaks for itself and denies any characterization of the contract.

18. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint and therefore denies them.  To the extent a written agreement is referenced, IV denies any characterization or paraphrasing of the written agreement referenced in this paragraph as the writing speaks for itself.

19. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint and therefore denies them.

20. IV denies that it was party to the original distribution agreement.  IV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Amended Complaint and therefore denies them.

21. IV denies that it was party to the original distribution agreement.  IV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Amended Complaint and therefore denies them.

22. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and therefore denies them.

23. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint and therefore denies them.

24. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint and therefore denies them.

25. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself. IV also admits that Myles McGovern served as the president and CEO of EmberClear, Inc. until he was terminated around June 2010. IV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Amended Complaint and therefore denies them.

26. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and therefore denies them.

27. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and therefore denies them. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

28. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and therefore denies them. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

29. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint and therefore denies them. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

30. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint and therefore denies them. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

31. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint and therefore denies them.

32. Paragraph 32 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33. Paragraph 33 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint and therefore denies them. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

35. IV admits that Myles McGovern is the President and Chief Executive Officer of Immersive Ventures Inc. IV also admits that Myles McGovern served as the president and CEO of EmberClear, Inc. until he parted with EmberClear, Inc. in June 2010 and during that time he participated in the day to day operations of IMC360. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended

Complaint and therefore denies them. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

36. Paragraph 36 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37. IV admits that AOL did not consent to the transfer of assets to IV. IV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Amended Complaint and therefore denies them.

38. IV avers that the contract speaks for itself and denies any characterization of the contract.

39. Paragraph 39 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40. IV denies any characterization or paraphrasing of the lawsuit referenced in this paragraph as the lawsuit speaks for itself.

41. IV denies any characterization or paraphrasing of the lawsuit referenced in this paragraph as the lawsuit speaks for itself .

42. IV denies any characterization or paraphrasing of the lawsuits referenced in this paragraph as the lawsuits speak for themselves.

43. IV denies any characterization or paraphrasing of the lawsuit referenced in this paragraph as the lawsuit speaks for itself.

44. IV denies any characterization or paraphrasing of the lawsuit referenced in this paragraph as the lawsuit speaks for itself.

45. Paragraph 45 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

46. IV admits that AOL notified IV of the Walker Digital and Transcenic lawsuits, but IV denies that the notice was prompt and denies that IV refused to offer AOL support.

47. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint and therefore denies them. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

48. IV admits that AOL notified IV of the Walker Digital and Transcenic lawsuits, but IV denies that the notice was prompt and denies that IV refused to offer AOL support. IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint and therefore denies them. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

49. IV denies that it failed to perform its obligations to AOL. IV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of the Amended Complaint and therefore denies them. IV avers that the instant lawsuit speaks for itself as to the claims and requested relief.

50. IV incorporates its prior responses to the allegations.

51. Paragraph 51 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

52. Paragraph 52 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

53. Paragraph 53 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

54. Denied.

55. Paragraph 55 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56. IV incorporates its prior responses to the allegations.

57. Paragraph 57 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

58. Paragraph 58 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

59. Paragraph 59 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60. Paragraph 60 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

61. IV incorporates its prior responses to the allegations.

62. Paragraph 62 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. IV denies that Declaratory Judgment is a remedy available to AOL under the circumstances alleged.

63. Paragraph 63 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. To the extent a writing is referenced, IV denies any characterization or paraphrasing of the writing referenced in this paragraph as the writing speaks for itself.

64. All allegations not expressly admitted are denied.

65. IV denies the requested relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Failure to mitigate damages.

3. Waiver.

4. Estoppel.

5. Breach of Contract.

6. Failure of Consideration.

7. Fraudulent Inducement.

8. Set Off and Recoupment.

9. IV reserves the right to assert additional defenses.

## JURY DEMAND

IV requests a trial by jury on all issues so triable.

## COUNTERCLAIM

For its Counterclaim against AOL, IV alleges the following:

9

1. Counterclaim Plaintiff Immersive Ventures Inc. ("IV") is a Washington corporation with its principal place of business in Vancouver, Washington.

2. Counterclaim Defendant AOL Inc. ("AOL") is a Delaware corporation with its principal place of business in New York, New York.

3. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the amount in controversy exceeds $75,000. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391.

5. On or around April 29, 2011, AOL and IV entered into an extension of a distribution agreement. IV was not a party to the original distribution agreement. (*See* Amended Complaint at Exhibit A.)

6. In consideration for IV's execution of this agreement, AOL promised to pay IV $120,000. (*See* Amended Complaint at Exhibit A.)

7. AOL never paid IV the promised $120,000. Indeed, it had no intention of doing so at the time that promise was made.

COUNT 1: BREACH OF CONTRACT (ALTERNATIVE TO COUNT 1)

8. The allegations of paragraphs 1 through 7 are incorporated.

9. Should the Court determine that IV is a party to the distribution agreement and/or the extension agreement and the Court finds them enforceable against IV, then AOL materially breached the extension agreement before any alleged breach by IV and IV has fulfilled all conditions precedent under the agreement to entitle it to payment of the $120,000.

WHEREFORE, Counterclaim Plaintiff IV prays that the Court enter judgment in its favor, as follows:

1. Judgment in favor of Immersive Ventures Inc. and against AOL Inc. in the amount of one hundred twenty thousand dollars, plus pre-judgment interest from April 29, 2011, plus costs.

2. Such other relief as the Court deems just.

## JURY DEMAND

IV requests a trial by jury on its Counterclaim.


                IMMERSIVE VENTURES INC.
                By Counsel


*/s/ James J. Holt*
Steven T. Webster (VSB No. 31975)
swebster@websterbook.com
Aaron S. Book (VSB No. 43868)
abook@websterbook.com
James J. Holt (VSB No. 78601)
jholt@websterbook.com
Webster Book LLP
300 N. Washington St., Suite 404
Alexandria, VA 22314
(888) 987-9991 (telephone and fax)

*Counsel for Defendant Immersive Ventures Inc.*

CERTIFICATE OF SERVICE

       I hereby certify that on December 5, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                        */s / James J. Holt*
                                        James J. Holt
                                        Webster Book LLP
                                        300 N. Washington St., Suite 404
                                        Alexandria, VA 22314
                                        (888) 987-9991 (telephone and fax)
                                        jholt@websterbook.com